UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>v.<br>EDWARD SMITH,<br>　　　　　　　　Defendant. | Case No. 3:15-cr-00061-HDM-WGC<br><br>ORDER |

　　The defendant has filed a motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 935). The government shall file a response to the motion on or before August 9, 2021. The defendant shall file any reply on or before September 8, 2021.

　　The defendant has also moved for appointment of counsel (ECF No. 934). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited

education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, the petition appears sufficiently clear in presenting the issues that the defendant wishes to raise, and the legal issues are not particularly complex. Therefore, counsel is not justified. The motion for appointment of counsel (ECF No. 934) is therefore DENIED.

Finally, the defendant has submitted an application for leave to proceed *in forma pauperis* (ECF No. 933). As there is no fee to file a motion to vacate under § 2255, the application for pauper status is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: This 8th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE